PETER AND SAMUEL DICKINSON *vs.* WILLIAM BARNES.— *June* 1846.

It is no reason for quashing an attachment, that the affidavit of the creditor was made before a justice of the peace of one county, while the warrant to the clerk of the county court, to issue the attachment, was granted by a justice of his county.

The justice of the peace, who issues the warrant, must be of the county in which the attachment is to be issued.

Upon a motion in arrest of judgment, the appellant may assign other errors than those which are to be found in the record. So upon a motion to quash an attachment.

To procure an attachment against an absconding debtor, the affidavit of the creditor should allege, that the debtor was a citizen of this State.

APPEAL from *Carroll* county court.

On the 4th November 1843, the appellants, in order to procure an attachment against the appellee, filed in the said county court, the following affidavit:—

"STATE OF MARYLAND, *City of Baltimore, to wit:*

Be it remembered, that on the 4th November 1843, before me, the subscriber, a justice of the peace of the State of *Maryland*, in and for the city of *Baltimore* aforesaid, personally appeared *Peter Dickinson*, one of the firm of *Dickinson & Brother:* which firm is composed of *Peter Dickinson* and *Samuel Dickinson*, both residents of the *United States*, and made oath on the holy evangely of Almighty God, that a certain *William Barnes*, late of the city of *Baltimore*, is justly and *bona fide* indebted unto the said *Peter Dickinson*, jointly with *Samuel Dickinson*, partners doing business together, under the firm of *Dickinson & Brother*, in the just and full sum of $844.50, over and above all discounts. And at the same time, the said *Peter Dickinson* produced to me the promissory notes and open account, on and by which the said *William Barnes* is so indebted; which is hereto annexed. And the said *Peter Dickinson* did also make oath, that he is credibly informed and verily believes, that the said *William Barnes* has actually run away and fled from justice; and removed from his place of abode with intent to injure and defraud his creditors.

JOHN W. PEALE,

Justice of the Peace of the State of *Maryland*, in and for the city of *Baltimore*."

It was accompanied with certain promissory notes of the said *William Barnes*, endorsed to the appellants, and an open account againt him.  To the affidavit was annexed the usual certificate of the clerk of *Baltimore* county court, as to the officer, *J. W. Peale*, the justice.

A warrant from a justice of the peace of *Carroll* county, directed to the clerk of that county court, was also annexed to the affidavit, notes and account, directing an attachment to be issued, &c.  The process issued, and was returned, laid on the goods and chattels, rights and credits, &c., in the hands of *Jacob Meyerly and others.*

The garnishees not appearing at the return term, the appellants moved for a judgment of condemnation, which the county court refused to render.

At the next term, the defendant, *Barnes*, appeared, and moved the court to quash the attachment, for the following reasons:

1st.  That the affidavit on which said attachment is issued, is not taken before a justice of the peace, as is required by the act of Assembly, in such case made and provided.

2nd.  That the warrant to the clerk to issue said attachment, is not signed by the same justice of the peace before whom said affidavit was made.

3rd.  That said attachment, and the proceedings therein, are, in many other respects, informal and insufficient.

The county court quashed the attachment, with costs; and the plaintiffs appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By J. H. B. LATROBE for the appellants.

This case presents a question of considerable interest, which is of almost daily occurrence in the State, and which it is important to have settled.

The plaintiffs residing in *Baltimore*, being creditors of the defendant, an absconding debtor, sent their account, with the affidavit required by the act of 1795, made before a justice of the peace of the city of *Baltimore* to *Westminster*, the late

domicil of the defendant, where application was made to a justice of the peace of *Carroll* county, for an attachment against the goods, &c., of the defendant. The attachment was issued, and returned levied as per schedule.

The defendant then, by his counsel, moved to quash the attachment on the following grounds:

1st. That the affidavit on which said attachment was issued is not taken before a justice of the peace, as is required in the act of Assembly in such cases made and provided.

2d. That the warrant to the clerk to issue said attachment, is not signed by the same justice of the peace, before whom said affidavit was made.

3d. That said attachment, and the proceedings therein, are in many other respects informal and insufficient.

The court having granted the motion to quash, the present appeal was taken.

The true question in the case is, whether the justice issuing the warrant, must be the justice before whom the affidavit is made?

Here the affidavit was made by the creditor residing in *Baltimore*, before a justice of that city, and the warrant was issued thereupon by a justice of *Carroll* county, that county being the late domicil of the defendant.

The appellants' counsel insist, that this was the proper course to be pursued, and rely on the language of the act of Assembly.

The appellee's counsel insists, on the other hand, that the affidavit should have been made before the same person by whom the warrant was issued: and that this not having been done, the attachment was properly quashed; and the appellee's counsel also relies on the act of Assembly to sustain his view.

The whole question, then, arises on the proper construction of the act.

The act, section 1, declares, that "the creditor may make application to any judge of the general court, justice of the county court, or justice of the peace; and on oath or affirmation of such creditor made before any judge of the general court, justice of the county court, or justice of the peace of

this State, or before any judge of any other of the *United States*," (of the facts enumerated in this part of the section,) the said judge of the general court, justice of the county court, or justice of the peace, may issue his warrant, &c.

Now the real question is, to what do the words of reference, "the said," refer? Do they refer to the judge, to whom the application was made, or the judge, &c., before whom the affidavit was made? The appellants contend that they refer to the former. This it is thought, can easily be made plain.

Suppose that an account, proved before a judge of *Louisiana*, was presented to a justice of *Carroll* county, and application made to him for a warrant for attachment thereon, could there be any question about his obligation to grant the warrant? Certainly not: because an affidavit before any judge of any other of the *United States*, is made sufficient by the express terms of the act. Applied to such a case, the act would be read, "the creditor may make application to a justice of the peace, and on oath or affirmation of such creditor, made before any judge of any other of the *United States*, the said justice of the peace may issue a warrant, &c." There can be no doubt about this.

We see then, that the act does not provide, in the case of a foreign creditor, that he shall come to *Maryland*, and make oath of his claim before the justice to whom he applies for a warrant on attachment. He may make his affidavit before a judge, in his own State, and send it to *Maryland*. Why then should a creditor residing in *Baltimore* county, not be permitted to make his affidavit before a justice in *Baltimore* county, and send it to the *Carroll* county justice, as the foundation for the warrant? Why should the foreign creditor have more favor than the domestic? Why should the foreign judge have more authenticity than the domestic? Why should a creditor living in *York*, *Pennsylvania*, be authorized to send an affidavit across the line to a justice of *Harford* county, and obtain a warrant for attachment, while a creditor in *Dorchester* county must, in person, go to *Harford* county to make affidavit of the truth of his account before the *Harford* justice? No reason whatever can be given for these distinctions: and yet,

if the appellee is right, they exist in the law. But they do not exist in terms. They are the result of a construction, which we contend is erroneous. The error consists in making the words of reference, "the said," already mentioned, refer to the justice before whom the affidavit is made, instead of the justice to whom the application is made. In the act there is nothing to shew, that these are the same persons. The usual words of reference are not to be found. The language used is not, "and on oath, &c., before the said or the same judge," &c., but, "and on oath, &c., before any judge," &c.

The section is made to appear involved, by the insertion of a description of the oath, which separates, *longo intervallo*, the relative from the antecedent. A careful reading of it, however, will shew, that the construction contended for by the appellants is the only one that can be properly given to it: and that it is not at all necessary that the affidavit should be made before the same justice, who is applied to for the warrant for the attachment.

The third ground for the motion to quash, taken by the appellee in the court below, is too vague for consideration here. Only those questions made below, and inserted in the record, are proper for the consideration of this court.

In the argument of the appellee's counsel, an objection is taken to the proceedings below, and it is alleged, that they are defective, because the averment, that *William Barnes*, late of the city of *Baltimore*, is justly, &c., indebted, is not a sufficient averment that he is a citizen of *Maryland*, as required by the act of Assembly. Now, although this is a question not properly before the court, yet it may be stated, that the necessity of such averment was expressly done away with by the act of 1825, chap. 114, sect. 1.

For these reasons the counsels of the appellants insist, that the decision of the court below should be reversed.

By W. P. MAULSBY for the appellee.

In this case, the affidavit of the creditors was made before a justice of the peace of the city of *Baltimore*, and transmitted to a justice in *Carroll* county, who issued his warrant to the

clerk of *Carroll* county court, directing him to issue the attachment. The affidavit was made before one justice of the peace, and the warrant to the clerk, was issued by another. The act of 1795, chap. 56, sec. 1, provides, that on the oath or affirmation of a creditor, made before any judge of the general court, justice of the county court, or justice of the peace of this State, that the debtor is indebted, &c., the said justice of the general court, justice of the county court, or justice of the peace, shall be authorised to issue his warrant to the clerk of the general or county court, directing him to issue the attachment. The language of the act is imperative. The same justice before whom the affidavit is made, and no other, is authorised to issue his warrant. Whatever the practice may have been, or whatever inconvenience may result from the necessity of an observance of the terms of the act of Assembly, those terms are so unequivocal; the language of the act is so clear and positive, that it cannot, I submit, be forced to yield, either to practice or convenience. The oath or affirmation may be made before any judge or justice of the peace, and the said judge or justice of the peace, is authorised to issue his warrant to the clerk. In this case, the affidavit was made before *Mr. Peale,* a justice of the peace of the city of *Baltimore;* and the warrant to the clerk of *Carroll* county court, was issued by *Mr. Gore,* a justice of the peace for *Carroll* county. The act of 1795, is of that class of statutes which are to be strictly construed.

The affidavit of the creditor in this case, made before a justice of the peace in the city of *Baltimore,* omits wholly the statement or allegation, that *Barnes,* the defendant, is a citizen of the State of *Maryland;* no such averment, that the defendant is a resident of the State, is made in any of the proceedings preparatory to issuing the attachment. The averment in the affidavit, that *William Barnes,* late of the city of *Baltimore,* is justly and *bona fide* indebted, &c., is not a sufficient averment, that the said *Barnes* is a citizen of the State of *Maryland,* to satisfy the requirement of the act of *Assembly.* For this cause, the attachment was properly quashed by the county court.

Dickinson vs. Barnes.—1846.

The warrant issued by *Mr. Gore*, the justice of the peace for *Carroll* county, to the clerk, directing the issuing of the attachment, does not contain a sufficiently distinct recital of the oath on which he granted the warrant. Even if he had proceeded to issue the warrant to the clerk, on the oath of the plaintiff, made before a justice of the peace of the city of *Baltimore*, he must, in his warrant, have distinctly recited the oath so made, by whom, before whom, &c., and it is not sufficient to refer to that oath in the terms of, "the above oath;" such a reference is too uncertain.

MAGRUDER, J., delivered the opinion of this court.

It is no reason for quashing an attachment, issued under the act of 1795, chap. 56, that the oath to be made by the creditor, was made before one justice of the peace, (of a different county;) and that another issued his warrant to the clerk of the county court, requiring him to issue the attachment. The oath may be made before "a judge of any other of the *United States*," and in the case of *Smith against Greenleaf*, 4 *Harr. & McHenry*, 291, was made before a judge of one of the courts in *Massachusetts*.

The act of Assembly is quite explicit. The creditor is to make application to "any judge of the general court, justice of the county court, or justice of the peace;" and when made to him, "the said judge of the general court, justice of the county court, or justice of the peace," is to issue his warrant. An affidavit is to be produced to him, with the cause of action;— that affidavit, however, the law does not require to be made, before the judge or justice who issues the warrant, but before "any judge of the general court, justice of the county court, or justice of the peace of this State;"—it is added : "or before any judge of any other of the *United States*,"—who, of course, is not to issue the warrant for an attachment. The justice of the peace who issues the warrant, must be of the county in which the attachment is to be issued; the oath may be made before any "justice of the peace of this State."

If, therefore, the court in deciding this case, were confined to the reasons to be found in the record, this judgment would

be reversed.   It has been decided here, that in the case of a motion in arrest of judgment, the party appellant may, in this court, assign other grounds, than those which are to be found in the record; and for the same reason it seems proper, not to confine him, in cases of this description, to reasons filed with the motion to quash the proceedings.   See, also, *Boarman vs. Israel and Patterson*, 1 *Gill*, 372.

This court thinks, that there is in the record a fatal objection to the proceeding by attachment, inasmuch as it does not appear, as the law requires, that the debtor was a citizen of the State.   It is certainly not to be sustained, as an attachment against a non-resident, and it does not appear that he was a citizen of the State.

JUDGMENT AFFIRMED.